IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51245
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

JAVIER MARTINEZ-ULLOA,
also known as Javier Martinez-Zulloa,
also known as Javier Martinez-Venezuela,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-825-1
--------------------
June 19, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Javier Martinez-Ulloa appeals the sentence imposed following
his conviction of being found in the United States after removal
in violation of 8 U.S.C. § 1326.  He contends that the sentence
is invalid because it exceeds the two-year maximum term of
imprisonment prescribed in 8 U.S.C. § 1326(a).  Martinez-Ulloa
complains that his sentence was improperly enhanced pursuant to
8 U.S.C. § 1326(b)(2) based on his prior removal following an
aggravated felony conviction.  He argues that the sentencing

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

provision violates the Due Process Clause. Alternatively, Martinez-Ulloa contends that 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)(2) define separate offenses. He argues that the aggravated felony conviction that resulted in his increased sentence was an element of the offense under 8 U.S.C. § 1326(b)(2) that should have been alleged in his indictment.

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Martinez-Ulloa acknowledges that his arguments are foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his arguments for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that the judgment of the district court be affirmed and that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.